Jeff Le Riche, MO #46557
(jleriche@cftc.gov)
Jo Mettenburg, KS #19423
(jmettenburg@cftc.gov)
Jennifer J. Chapin, MO #50554
(jchapin@cftc.gov)                                E-FILED 03-28-11
Peter L. Riggs, MO #57268                         CC: FISCAL
(priggs@cftc.gov)
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Boulevard, Suite 300
Kansas City, MO 64112
Telephone:  816-960-7744 (Mettenburg)             **CV 11-2163 GHK (PLAx)**
Facsimile:  816-960-7750

Preston DuFauchard, CA # 114795
(pdufauch@corp.ca.gov)
California Corporations Commissioner
Alan S. Weinger, CA # 86717
(aweinger@corp.ca.gov)mailto:pdufauch@corp.ca.gov
Deputy Commissioner
Joyce Tsai CA # 241908
Corporations Counsel and Local Counsel to CFTC
CALIFORNIA DEPARTMENT OF CORPORATIONS
1350 Front Street, Room 2034
San Diego, California 92101
Telephone:  (619) 525-4043 (Tsai)
Facsimile:  (619) 525-4045

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRADE TECH INSITUTE, INC., et al.,<br><br>Defendants. | CASE NO: CV11 02163 GHK (PLAx)<br><br>(~~PROPOSED~~) CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANT ROBERT SORCHINI |

Plaintiffs U.S. Commodity Futures Trading Commission ("CFTC") and the Commissioner of Corporations of the State of California have filed a Complaint for Injunctive and Other Equitable Relief, Civil Monetary Penalties and Other Equitable Relief ("Complaint") (Docket No. 1) pursuant to the Commodity Exchange Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq*. (as amended, the "Act") and California law.  The CFTC has separately moved the Court for the entry of a preliminary injunction pursuant to its *Ex Parte* Emergency Application for a Statutory Restraining Order, Preliminary Injunction, and Other Related Equitable Relief Against Defendants ("Application") (Docket

2

No. 2), the Memorandum in Support of the *Ex Parte* Emergency Application for a Statutory Restraining Order, Preliminary Injunction, and Other Related Equitable Relief Against Defendants ("Memorandum") (Docket No. 8) and Appendix of Exhibits Filed in Support of Application for Statutory Restraining Order, Preliminary Injunction ("Appendix") (Docket Nos. 10-19). The Court has considered the Complaint, Application, Memorandum and Appendix, as well as the entire record in this matter. The CFTC and Defendant Robert Sorchini ("Sorchini") having stipulated the entry of the Consent Order of Preliminary Injunction and For Other Equitable Relief Against Defendant Robert Sorchini and the Court having considered the record of being fully advised, hereby finds:

## I.  FINDINGS

The Court finds that Defendant Robert Sorchini ("Sorchini") has been properly served with a copy of the Summons and Complaint. The Court further finds that Sorchini, without admitting or denying the allegations of the Complaint, consents to the entry of this Order, consents to this Court's jurisdiction over him, admits that the subject matter of this action is properly before this Court, and admits that venue lies properly with this Court. The Court also finds that Sorchini's consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC, or any member, officer, agent, or representative of the CFTC, to induce Sorchini to consent to this Order.

Based upon the record in this case, it appears to the Court that there is good cause to believe that Sorchini has engaged, is engaging in, or is about to engage in violations of the Act and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect affected clients from further loss and damage, and enable the CFTC to fulfill its statutory duties. Accordingly, the Court hereby finds and orders as follows.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 6c of the Act, to be codified at 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act, the CFTC may bring an action in the proper district court of the United States against such person to enjoin such practice, or to enforce compliance with the Act.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, to be codified at 7 U.S.C. § 13a-1(e), because the acts and practices in violation of the Act have occurred and are occurring within this District.

## III. PROHIBITION FROM VIOLATIONS OF THE ACT AND REGULATIONS

Sorchini, as well as all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Sorchini, and all persons insofar as they are acting in active concert or participation with Sorchini who receive actual notice of this Order by personal service or otherwise, are hereby prohibited and restrained from directly or indirectly:

1. engaging in conduct in violation of Section 4o(1)(A) and (B) of the Act, to be codified at 7 U.S.C. § 6o(1)(A) and (B); and

2. engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, to be codified at 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

   A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29));

   B. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in CFTC Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Section 2(c)(2)(C)(i) of the Act, 7 U.S.C.

§ 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

G. acting as a principal (as that term is defined in CFTC Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other

officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

## IV. <u>FORCE AND EFFECT</u>

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. Further, the Court's March 15, 2011 Order (granting the Application) (Docket No. 3) and the terms and conditions set forth therein are incorporated in full herein by reference and shall remain in full force and effect until further order of this Court, except as provided below.

1. Sorchini is hereby allowed full use and access of all wages and other compensation earned from his employment with Beverly Hills Precious Metals Exchange, Inc. ("BHPME") and this portion of the order shall apply retroactively to the filing of the Lawsuit. Sorchini may open any such new checking or savings accounts as is necessary to hold and use the wages and other compensation from his employment with BHPME. To the extent Sorchini obtains employment elsewhere in the future, this provision will apply to wages and compensation earned by Sorchini from any new or additional employment other than his present position with BHPME.

2.  BHPME maintains two bank accounts at Wells Fargo Bank, N.A. ("Wells Fargo") (Account x9188 and x8967), both of which were frozen pursuant to Paragraphs 11, 13 and 18 of the Court's March 15, 2011 Order.  Wells Fargo is hereby directed to release from Account x9188 the sum of $9,612.00, which shall be refunded to two customers that have made purchases with BHPME of physical metals unrelated to this lawsuit.  Wells Fargo is hereby directed to transfer the remaining funds in Account x9188 to Account x8967.  Account x8967 shall remain subject to the asset freeze set forth in Paragraphs 11, 13 and 18 of the Court's March 15, 2011 Order until further order of this Court.  Following the transfer of all funds from Account x9188 as set forth in this Paragraph, Wells Fargo shall release Account x9188 from the asset freeze and BHPME may resume normal banking operations in Account x9188.

3.  The accounting required pursuant to Paragraph 15 of the Court's March 15, 2011 Order shall be provided to counsel for CFTC no later than 5:00 p.m. on March 30, 2011.

4.  On March 16, 2011, Sorchini surrendered to the CFTC the hard drive of his personal computer pursuant to Paragraphs 10, 23-25 of the Court's March 15, 2011 Order.  By agreement of the parties, the CFTC shall image Sorchini's hard drive, return Sorchini's hard drive and provide a copy of the image to counsel for Sorchini, and shall not inspect the contents of the hard drive until such time as

counsel for Sorchini has provided consent for the CFTC to inspect the contents of the hard drive without limitation, or consent for the CFTC to inspect selected contents of the hard drive, together with a privilege log identifying particular files to be excluded from being inspected by the CFTC. Counsel for Sorchini shall provide consent to inspect the contents of the hard drive or consent to inspect selected contents of the hard drive together with a privilege log within 60 days of this Order.

5.  The Court's March 15, 2011 Order is hereby modified to comport with paragraphs 1-4 of this section.

**IT IS SO ORDERED**,

3/28/11
HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

9