1  Jeff Le Riche, MO #46557
   (jleriche@cftc.gov)
2  Jo Mettenburg, KS #19423
   (jmettenburg@cftc.gov)                    **FILED:  3/31/11**
3  Jennifer J. Chapin, MO #50554
   (jchapin@cftc.gov)                        <mark>CV 11-2163 GHK (PLAx)</mark>
4
   Peter L. Riggs, MO #57268
5  (priggs@cftc.gov)
6  COMMODITY FUTURES TRADING COMMISSION
7  Two Emanuel Cleaver II Boulevard, Suite 300
   Kansas City, MO 64112
8  Telephone:  816-960-7744 (Mettenburg)
   Facsimile:  816-960-7750
9
10 Preston DuFauchard, CA # 114795
   (pdufauch@corp.ca.gov)
11 California Corporations Commissioner
12 Alan S. Weinger, CA # 86717
   (aweinger@corp.ca.gov)mailto:pdufauch@corp.ca.gov
13 Deputy Commissioner
14 Joyce Tsai CA # 241908
   Corporations Counsel and Local Counsel to CFTC
15 CALIFORNIA DEPARTMENT OF CORPORATIONS
16 1350 Front Street, Room 2034
   San Diego, California 92101
17 Telephone:  (619) 525-4043 (Tsai)
18 Facsimile:  (619) 525-4045

19 Attorneys for Plaintiffs
20
21
22
23
24
25
26

                              1

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE TRADE TECH INSITUTE, INC., et al.,<br><br>        Defendants. | CASE NO: CV11 02163 GHK (PLAx)<br><br>(~~PROPOSED~~) CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANT RICHARD CARTER |

Plaintiffs U.S. Commodity Futures Trading Commission ("CFTC") and the Commissioner of Corporations of the State of California have filed a Complaint for Injunctive and Other Equitable Relief, Civil Monetary Penalties and Other Equitable Relief ("Complaint") (Docket No. 1) pursuant to the Commodity Exchange Act and California law.  The CFTC has separately moved the Court for the entry of a preliminary injunction pursuant to its *Ex Parte* Emergency Application for a Statutory Restraining Order, Preliminary Injunction, and Other Related Equitable Relief Against Defendants ("Application") (Docket No. 2), the Memorandum in Support of the *Ex Parte* Emergency Application for a Statutory Restraining Order, Preliminary Injunction, and Other Related Equitable Relief Against Defendants ("Memorandum") (Docket No. 8) and Appendix of Exhibits

Filed in Support of Application for Statutory Restraining Order, Preliminary Injunction ("Appendix") (Docket Nos. 10-19). The Court has considered the Complaint, Application, Memorandum and Appendix, as well as the entire record in this matter.

The Court finds that Defendant Richard Carter ("Carter") has been properly served with a copy of the Summons and Complaint. The Court further finds that Carter, without admitting or denying the allegations of the Complaint, consents to the entry of this Order, consents to this Court's jurisdiction over them, admits that the subject matter of this action is properly before this Court, and admits that venue lies properly with this Court. The Court also finds that Carter's consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC, or any member, officer, agent, or representative of the CFTC, to induce Carter to consent to this Order.

Based upon the record in this case, it appears to the Court that there is good cause to believe that Carter has engaged, is engaging in, or is about to engage in violations of the Commodity Exchange Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.* (as amended, the "Act") and that this is a proper case for granting a preliminary injunction to preserve the status quo,

3

protect affected clients from further loss and damage, and enable the CFTC to

fulfill its statutory duties.  Accordingly, the Court hereby finds and orders as

follows.

## I.      JURISDICTION AND VENUE

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1.      This Court has jurisdiction over this action pursuant to Section 6c of

the Act, to be codified at 7 U.S.C. § 13a-1, which provides that whenever it shall

appear to the CFTC that any person has engaged, is engaging, or is about to engage

in any act or practice constituting a violation of any provision of the Act, the CFTC

may bring an action in the proper district court of the United States against such

person to enjoin such practice, or to enforce compliance with the Act.

2.      Venue properly lies with this Court pursuant to Section 6c(e) of the

Act, to be codified at 7 U.S.C. § 13a-1(e), because the acts and practices in

violation of the Act have occurred and are occurring within this District.

## II.     PROHIBITION FROM VIOLATIONS OF THE ACT AND REGULATIONS

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

Carter, as well as all persons insofar as they are acting in the capacity of

agents, servants, employees, successors, assigns, or attorneys of Carter, and all

persons insofar as they are acting in active concert or participation with Carter who

4

receive actual notice of this Order by personal service or otherwise, are hereby prohibited and restrained from directly or indirectly:

1.      engaging in conduct in violation of Section 4o(1)(A) and (B) of the Act, to be codified at 7 U.S.C. § 6o(1)(A) and (B); and

2.      engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, to be codified at 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

  A.      trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29));

  B.      entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in CFTC Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Section 2(c)(2)(C)(i) of the Act, 7 U.S.C. § 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

  C.      having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E.    soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9);

G.    acting as a principal (as that term is defined in CFTC Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

6

### III.   FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter.  Further, the Court's March 15, 2011 Order (granting the Application) (Docket No. 3) and the terms and conditions set forth therein are incorporated in full herein by reference and shall remain in full force and effect until further order of this Court, except as provided below.

1.     Carter may open any such new checking or savings accounts as is necessary to hold and use the wages and other compensation from his current or future employment as well as any other funds, including borrowed monies, from future sources.

**IT IS SO ORDERED**, at  Los Angeles , on the   30th   day of   March    2011, at  3:30  p.m.


HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA