JS - 6

**FILED: 6/19/12**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *United States Commodity Futures Trading Commission, et al.*, | CASE NO. CV 11-2163-GHK (PLAx) |
| **Plaintiffs,** | JUDGMENT |
| v. | |
| *The Trade Tech Institute, Inc., et al.*, | |
| **Defendants.** | |

Pursuant to the Court's June 19, 2012 Order, IT IS HEREBY ADJUDGED that:

1) Plaintiffs United States Commodity Futures Trading Commission and Commissioner of Corporations of the State of California ("Plaintiffs") **SHALL** jointly have judgment against Defendants The Trade Tech Institute, Inc. ("Trade Tech"), Technology Trading International, Inc. ("Tech Trading"), and Robert Sorchini ("Sorchini" and, collectively, "Defendants") as follows:

   (a) Restitution: Trade Tech is liable for restitution in the amount of $2,386,970.38, of which Sorchini is jointly and severally liable in the amount of $2,212,918.51.  Tech Trading is liable for restitution in the amount of $38.847.99, of which Sorchini is jointly and severally liable in the amount of $24,810.38.

   (b) Disgorgement: Trade Tech is liable for disgorgement in the amount of

   $2,910,245.10; Tech Trading is liable for disgorgement in the amount of $423,140.00; and Sorchini is liable for disgorgement in the amount of $764,250.97.

   (c) Defendants are hereby required to pay pre-judgment interest on the disgorgement and restitution amounts beginning from March 15, 2011, to be paid at the prevailing underpayment rate established by the Internal Revenue Service pursuant to 26 U.S.C. § 6621. Post-judgment interest on the above amounts shall accrue according to the statutory rate pursuant to 28 U.S.C. § 1961(a).

   (d) In the event Defendants fail to pay the amounts owed, any Plaintiff that brings an action to enforce this judgment may only use the proceeds obtained consistent with the manner set forth in our June 19, 2012 Order.

 2) Plaintiff United States Commodity Futures Trading Commission shall have judgment against Defendants for civil monetary penalties as follows: Trade Tech is assessed civil monetary penalties in the amount of $8,730,735.30; Tech Trading is assessed civil monetary penalties in the amount of $1,269,420.00; and Sorchini is assessed civil monetary penalties in the amount of $2,292,752.91.  Interest on these amounts shall accrue according to the statutory rate pursuant to 28 U.S.C. § 1961(a).

 3)  Defendants and any of their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants, including any successor thereof, who shall receive actual notice of this injunction by personal service or otherwise, are hereby permanently restrained, enjoined, and prohibited from the following:

   (a) engaging, directly or indirectly, in conduct in violation of Sections 4o(1)(A) and (B) of the Commodity Exchange Act, as amended by the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 6o(1)(A) and (B), and Regulation 4.41(a), 17 C.F.R. § 4.41(a);

  (b) engaging, directly or indirectly, in conduct in violation of CCC Section 29536;

  (c) having any futures, options, commodity options, security futures products, and/or forex contracts traded on their behalf;

  (d) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving futures, options, commodity options, security futures products, and/or forex contracts;

  (e) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any futures, options, commodity options, security futures products and/or forex contracts;

  (f) acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

  (g) provided further, however, that subparagraphs c through e only apply to agreements, accounts, contracts, and transactions that are subject to the jurisdiction of the CFTC.

4) Plaintiffs **SHALL** serve this Judgment on Defendants prior to its execution.

5) The Court **SHALL** retain jurisdiction over this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

**IT IS SO ORDERED**.

DATED: June 19, 2012

_____
GEORGE H. KING
United States District Judge

3